UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:15 CV 168 |
| JASON L. PODGORSKI, JAMES M. DEWITT, JILL A. GREEN, and RUSTY NAIL BAR, INC., d/b/a RUSTY NAIL SPORTS BAR & GRILL, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION and ORDER

I.     BACKGROUND

On April 10, 2014, Jill. A Green was the passenger in a vehicle driven by Jason L. Podgorski when the vehicle crashed into a utility pole. The vehicle, a Ford F-150 pickup truck, was owned by Podgorski's brother-in-law, James M. DeWitt. The plaintiff in this case, American Standard Insurance Company of Wisconsin ("American Standard") issued the insurance policy to DeWitt that covered the truck.

On June 23, 2014, Green filed a personal injury action in the Porter Superior Court in Valparaiso, Indiana, against Podgorski, DeWitt, and Rusty Nail Bar, Inc. (a bar that Green alleged was negligent in serving alcoholic beverages to Podgorski and DeWitt). Podgorski did not appear in the action, and Green was granted a default judgment against him; the state court scheduled a damages hearing for that portion of the case to take place in May of last year. A few days before the damages hearing,

American Standard filed this case in federal court seeking a declaration that it had no duty to indemnify Podgorski because Podgorski did not have permission from DeWitt to drive the F-150 on April 10, 2014. Around the same time, American Standard's attorney also entered an appearance on behalf of Podgorski in the state court proceeding and requested permission to intervene and a stay of the state case. The state court permitted American Standard to intervene, but did not stay the case.

Green, a defendant in this case, now moves for this court to dismiss, abstain to exercise jurisdiction over, and/or stay this federal declaratory judgment proceeding (DE # 29). According to Green, the issue of whether DeWitt gave Podgorski permission to drive the F-150 on April 10, 2014, will necessarily be decided in the state court action, and permitting a determination of the issue in this court will result in piecemeal litigation over issues of state law which are already pending in state court. (DE # 30 at 15-16.) American Standard claims that its declaratory judgment action comes down to one question: did DeWitt give permission to Podgorski to drive his F-150 on April 10, 2014? (DE # 31 at 12.) According to American Standard, that simple question should be determined in this declaratory judgment action because the law permits it and it is "not uncommon" for courts to allow it. (*Id.* at 11.) For the reasons set forth below, Green's motion (DE # 29) is granted in the form of abstention and a stay.

II. **LEGAL STANDARD**

The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "By its terms, the Declaratory Judgment Act gives the district court the discretion to declare the rights of the litigants; it explicitly says that upon a proper application, the district court 'may' declare the party's rights. The Supreme Court has consistently understood this language as discretionary[.]" *Med. Assurance Co., Inc., v. Hellman,* 610 F.3d 371, 378-79 (7th Cir. 2010) (citation omitted). In other words, the Declaratory Judgment Act "created an opportunity, rather than a duty" to consider claims seeking declaratory judgments. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995). "[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Id.*

"[T]he classic example of when abstention is proper occurs where . . . solely declaratory relief is sought and parallel state proceedings are ongoing." *Envision Healthcare, Inc., v. Preferred One Ins. Co.,* 604 F.3d 983, 986 (7th Cir. 2010). Abstention cases involving parallel state proceedings are often referred to as involving the *Wilton/Brillhart* doctrine, named after the two primary Supreme Court cases on the subject. *Wilton,* 515 U.S. at 289-90 (district court acted within its bounds in staying action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court); *Brillhart v. Excess*

3

*Ins. Co. of Am.,* 316 U.S. 491, 494-95 (1942) (setting the standard for discretion where parallel state proceedings are pending).

For purposes of the *Wilton/Brillhart* analysis, "[t]wo actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Envision*, 604 F.3d at 986. However, "the mere pendency of another suit is not enough in itself to refuse a declaration." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 695 (7th Cir. 1995). In determining the existence of parallel proceedings sufficient to warrant a stay, "the federal court should consider (among other matters) whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time." *Id*. The court addresses the *Zavalis* factors in turn below.

## III. DISCUSSION

### A. *Factor #1: Whether Suits Present Distinct Questions*

The first factor of the *Zavalis* test is whether the state and federal suits present distinct questions. In this case, they do not. The parties do not dispute that the question of whether DeWitt gave Podgorski permission to use his F-150 on April 10, 2014, will be an issue in either case. Thus, the relevant issues in both cases are identical. While the

state case will necessarily involve the resolution of many more issues, that fact does not dissuade the court from acknowledging the obvious parallel between the sole factual issue in this case and one of the main factual issues in the state case. *Sta-Rite Indus., Inc. v. Allstate Ins. Co.,* 96 F.3d 281, 287 (7th Cir. 1996) (more comprehensive parallel state case cuts against exercise of federal jurisdiction). Thus the first factor of the *Zavalis* analysis weighs strongly in favor of abstention.

### B. Factor #2: Whether Actions Involve Identical Parties

The second *Zavalis* factor is whether the state and federal actions involve identical parties. 52 F.3d at 695. American Standard argues that because it has not been formally named as a party in the state case, this lawsuit and the state lawsuit are too different to justify abstention. First, it is important to note that, while American Standard is not named as a defendant in the state case, it has successfully intervened. Second, simply because American Standard is not a named party to the state proceedings does not mean that the proceedings are not parallel. That factor is relevant – and the court has fully considered it – but it is not determinative. *Schneider Nat. Carriers, Inc. v. Carr,* 903 F.2d 1154, 1157 (7th Cir. 1990) ("existence of additional parties in one suit does not of itself destroy parallelism"). Further, though American Standard is not formally named as a party in the state action, American Standard readily admits that, as DeWitt's insurer, it has acted on DeWitt's behalf throughout the course of the state court litigation. (DE # 31 at 4.) Both its insurance policy and its representation of DeWitt bind American Standard to the state court action. Additionally, the interests of

5

American Standard are implicated in the resolution of the issue of whether DeWitt gave Podgorski permission to use his F-150 on April 10, 2014. These considerations suggest that, despite American Standard not being formally named as a party in the state action, the similarity of the parties in each suit and the interests implicated and represented by those parties weigh in favor of abstention. *Steadfast Ins. Co. v. Ballantine,* No. 12 C 2646, 2012 WL 5304207, at *3 (N.D. Ill. Oct. 25, 2012); *see also Schering Corp. v. Griffo,* 872 F. Supp. 2d 1220, 1244 (D.N.M. 2012) (parties are similar for purposes of abstention when they possess "identity of interests"). Accordingly, this factor weighs in favor of abstention.

### C. *Factor #3: Usefulness of Action and Avoidance of Piecemeal Litigation*

The third factor the court should consider in determining whether to abstain from exercising jurisdiction over American Standard's action is "whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation." *Zavalis*, 52 F.3d at 695. In this case, going forward with the declaratory action in federal court would serve a limited purpose in determining one issue. However, this issue will necessarily be resolved in the more comprehensive state action if this court declines to exercise jurisdiction. Further, resolution of a single issue in this case will more likely than not result in duplicitous discovery efforts and two ultimate findings of fact by a judge or jury. By retaining jurisdiction over a single issue in this case, this court would be doing little more than permitting American Standard to

delay state court proceedings to permit it the benefit of its choice of forum on a critical factual issue. These considerations weigh in favor of abstention.

### D. Factor #4: Availability of Comparable Relief

The last factor enumerated in *Zavalis* is whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time. *Zavalis,* 52 F.3d at 695. It is beyond dispute that the issue of whether DeWitt provided Podgorski with permission to drive his F-150 on April 10, 2014, and therefore whether American Standard has an obligation to indemnify Podgorski, will necessarily be determined in the state court suit. In other words, there is no question that comparable relief is available if this court declines to exercise jurisdiction. Accordingly, this factor weighs in favor of abstention.

## IV. CONCLUSION

Application of the four *Zavalis* factors to the facts of this case indicate that abstaining to exercise jurisdiction over American Standard's declaratory judgment action is appropriate under the *Brillhart/Wilton* doctrine. As for the appropriate form of relief, the Supreme Court observed in *Wilton*: "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay [as opposed to dismissal] will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." 515 U.S. at 288 n. 2.

7

Accordingly, the court **GRANTS** Green's motion for dismissal, abstention, or a stay (DE # 29) by abstaining from exercising jurisdiction and **STAYING** this action. American Standard is **ORDERED** to file a status report within 14 days of the conclusion of state court proceedings, indicating whether the stay in this case may be lifted and this case dismissed, or whether some other course of action is appropriate under the circumstances. Failure to file a timely status report may result in dismissal of this action, with prejudice, and without further notice.

**SO ORDERED.**

Date: March 31, 2016

 s/ James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT